IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LISA JOSEPH,
    Plaintiff,
      v.

CITIMORTGAGE,
    Defendant.

CIVIL ACTION FILE
NO. 1:11-CV-2768-TWT

ORDER

This is an action to quiet title. It is before the Court on the Defendant's Motion to Dismiss [Doc. 5]. For the reasons set forth below, the Court GRANTS the Defendant's motion.

I. Background

On October 26, 2007, Lisa Joseph purchased property located at 7491 Saint David Street, Fairburn, Georgia 30213 (the "Property"). As part of the transaction, Joseph borrowed money from Colonial Bank, N.A. ("Colonial"). In return, Joseph executed a note (the "Note") in favor of Colonial. (See Def.'s Mot. to Dismiss, Ex. B.) Joseph also executed a security deed (the "Security Deed") with respect to the Property. (See id., Ex. A.) The Security Deed provides that "[t]his Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ('MERS'),

(solely as nominee for Lender, as hereafter defined, and Lender's successors and assigns), as grantee." (Id.)  Colonial assigned the Note "without recourse" to the Defendant, CitiMortgage, Inc. ("Citi").  (See id., Ex. B.)

On August 18, 2011, Joseph filed an action to quiet title against Citi [Doc. 1]. The Plaintiff argues that Citi's security interest is void because the Security Deed was executed in favor of MERS, not Citi.  The Defendant has filed a Motion to Dismiss [Doc. 5].  Citi argues that its security interest is valid and that the Complaint fails to properly plead a claim to quiet title.  The Plaintiff has not responded to the Defendant's motion.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted).  In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American

Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

### III.  Discussion

The Plaintiff contends that Citi has no interest in the Property because Colonial was the original lender and the Security Deed is in favor of MERS.  In In re Corley, 447 B.R. 375 (Bankr. S.D. Ga. 2011), a bankruptcy trustee challenged the validity of the defendant's security interest in real property.  As part of the property sale, the debtors had borrowed money from Citizen's Bank.  The debtors executed a note in favor of Citizen's Bank and a security deed naming MERS as grantee and nominee for Citizen's Bank and its successors.  The note was eventually transferred to the defendant.  The trustee argued that the defendant's security interest was invalid because the note had been "split" from the security deed.  The court, however, noted that the "[d]ebtors agreed that MERS was the Grantee, as nominee for CBE, its successors and assigns.  The Security Deed so provided, and the Trustee now seeks to avoid the Security Deed on the ground that the Note and Security Deed were 'split.'

Such a finding would not only be contrary to the terms of the Security Deed, the Note, and Georgia law, but it would also elevate form over substance." Id. at 385. The court thus concluded that "[t]here [was] no split of the Note and Security Deed as a matter of contract by any transfer of the Note, because the Security Deed expressly contemplates that the Note may be transferred from the original Lender, and that MERS's role as nominee for the Lender extends to each successive assignee." Id. at 383.

Similarly, in Morgan v. Ocwen Loan Servicing, LLC, No. 1:10-CV-3555, 2011 WL 2650194 (N.D. Ga. July 7, 2011), the plaintiff debtor sued for wrongful foreclosure, quiet title, and other state law claims. The plaintiff claimed that the security deed was void because "MERS was named as the grantee-as-nominee in the security deed rather than Guarantee Rate, the actual lender and payee on the note." Id. at *4. The court, however, noted that "[s]eparation of the note and security deed creates a question of what entity would have the authority to foreclose, but does not render either instrument void." Id. The court thus dismissed the plaintiff's quiet title claim.

Here, as in In re Corley, the security deed "expressly contemplates that the Note may be transferred from the original Lender, and that MERS's role as nominee for the Lender extends to each successive assignee." In re Corley, 447 B.R. at 383; (Def.'s

Mot. to Dismiss, Ex. A.)  Colonial assigned the Note to Citi.  (See Def.'s Mot. to Dismiss, Ex. B.) MERS remains the lender's assignee.  Thus, Citi has a valid security interest in the Property despite the fact that MERS is named as grantee on the Security Deed.  See Morgan, 2011 WL 2650194, at *4 (holding that security deed is valid where note is in favor of lender and security deed is in favor of different entity as nominee for lender).

Further, the Plaintiff has failed to properly plead her claim to quiet title.  The Georgia Quiet Title Act provides that:

> (b) The petition shall be verified by the petitioner and shall contain a particular description of the land to be involved in the proceeding, a specification of the petitioner's interest in the land, a statement as to whether the interest is based upon a written instrument (whether same be a contract, deed, will, or otherwise) or adverse possession or both, a description of all adverse claims of which petitioner has actual or constructive notice, the names and addresses, so far as known to the petitioner, of any possible adverse claimant, and, if the proceeding is brought to remove a particular cloud or clouds, a statement as to the grounds upon which it is sought to remove the cloud or clouds.
>
> (c) With the petition there shall be filed (1) a plat of survey of the land, (2) a copy of the immediate instrument or instruments, if any, upon which the petitioner's interest is based, and (3) a copy of the immediate instrument or instruments of record or otherwise known to the petitioner, if any, upon which any person might base an interest in the land adverse to the petitioner.

O.C.G.A. § 23-3-62(b) & (c).  Here, the Complaint is not verified.  Further, the Plaintiff failed to file a "plat survey of the land."  See id.  Thus, Joseph failed to

comply with O.C.G.A. § 23-3-62.  See Simpson v. Countrywide Home Loans, No. 1:10-CV-0224, 2010 WL 3190693, at *7-8 (N.D. Ga. April 26, 2010) (dismissing quiet title action for failure to comply with Georgia Quiet Title Act).  For these reasons, the Defendant's Motion to Dismiss is granted.

## IV.  Conclusion

For the reasons set forth above, the Court GRANTS the Defendant's Motion to Dismiss [Doc. 5].

SO ORDERED, this 27 day of October, 2011.

> /s/Thomas W. Thrash
> THOMAS W. THRASH, JR.
> United States District Judge